UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

VADIM ISHAYEV,

                                    Plaintiff,

-against-

THE CITY OF NEW YORK, POLICE COMMISSIONER
RAYMOND KELLY, COMMANDING OFFICER
DEPUTY INSPECTOR ROBERT JOHNSEN, EDUARDO
SAILLANT, JOHN DOE OFFICERS # 1-4,

                                    Defendants.

------------------------------------------------------------------ x

**ANSWER TO COMPLAINT ON BEHALF OF DEFENDANTS CITY OF NEW YORK AND POLICE COMMISSIONER RAYMOND KELLY**

07 CV 8458 (PAC) (GWG)

JURY TRIAL DEMANDED

Defendants City of New York and Police Commissioner Raymond Kelly ("defendants"),[1] by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the Complaint, respectfully allege, upon information and belief, as follows:

        1. Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiff purports to proceed as stated therein.

        2. Deny the allegations set forth in paragraph "2" of the complaint.

        3. Deny the allegations set forth in paragraph "3" of the complaint, except admit that plaintiff purports to seek relief as stated therein.

        4. Deny the allegations set forth in paragraph "4" of the complaint, except admit that plaintiff purports to invoke the Court's jurisdiction as stated therein.

---

[1] Upon information and belief, the individuals identified in the complaint as Deputy Inspector Johnsen and Police Officer Eduardo Saillant have not been served with a copy of the summons and complaint or requested legal representation from the Office of the Corporation Counsel, and are therefore not defendants in this action at this time.

5. Deny the allegations set forth in paragraph "5" of the complaint, except admit that plaintiff purports to proceed as stated therein.

6. Deny the allegations set forth in paragraph "6" of the complaint, except admit that plaintiff purports to base venue as stated therein.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the complaint.

8. Admit the allegations set forth in paragraph "8" of the complaint.

9. Deny the allegations set forth in paragraph "9" of the complaint, except admit that Police Commissioner Raymond Kelly is the Commissioner of the New York City Police Department and that plaintiff purports to sue him in his individual and official capacities as stated therein.

10. Deny the allegations set forth in paragraph "10" of the complaint, except admit that Eduardo Saillant was employed by the City of New York as a Police Officer in September 2006 and that plaintiff purports to sue him in his individual capacity as stated therein.

11. Paragraph "11" sets forth a legal conclusion, to which no response is required. To the extent a response is required, defendants deny the allegations set forth in paragraph "11" of the complaint, except admit that defendant Raymond Kelly is the Police Commissioner of the New York City Police Department, that Eduardo Saillant and Robert Johnsen were employed by the City of New York as police officers in September 2006, and that plaintiff purports to sue them in their individual and official capacities as stated therein.

12. Paragraph "12" sets forth a legal conclusion, to which no response is required.

13. Deny the allegations set forth in paragraph "13" of the complaint, except admit that a document purporting to be a Notice of Claim was received by the comptroller on or about October 3, 2006, and that no payment has been made on the purported claim.

14. Deny the allegations set forth in paragraph "14" of the complaint.

15. Deny the allegations set forth in paragraph "15" of the complaint.

16. Deny the allegations set forth in paragraph "16" of the complaint.

17. Deny the allegations set forth in paragraph "17" of the complaint.

18. Deny the allegations set forth in paragraph "18" of the complaint and all of its subparts.

19. In response to the allegations set forth in paragraph "19" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "18" of this answer as if fully set forth herein.

20. Deny the allegations set forth in paragraph "20" of the complaint.

21. Deny the allegations set forth in paragraph "21" the complaint.

22. In response to the allegations set forth in paragraph "22" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "21" of this answer as if fully set forth herein.

23. Deny the allegations set forth in paragraph "23" of the complaint.

24. Deny the allegations set forth in paragraph "24" of the complaint.

25. Deny the allegations set forth in paragraph "25" of the complaint.

26. Deny the allegations set forth in paragraph "26" of the complaint.

27. Deny the allegations set forth in paragraph "27" of the complaint.

28. Deny the allegations set forth in paragraph "28" of the complaint.

29. Deny the allegations set forth in paragraph "29" of the complaint.

30. In response to the allegations set forth in paragraph "30" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "29" of this answer as if fully set forth herein.

31. Deny the allegations set forth in paragraph "31" of the complaint.

32. Deny the allegations set forth in paragraph "32" of the complaint.

33. Deny the allegations set forth in paragraph "33" of the complaint.

34. In response to the allegations set forth in paragraph "34" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "33" of this answer as if fully set forth herein.

35. Deny the allegations set forth in paragraph "35" of the complaint.

36. Deny the allegations set forth in paragraph "36" of the complaint.

37. Deny the allegations set forth in paragraph "37" of the complaint.

38. Deny the allegations set forth in paragraph "38" of the complaint.

39. In response to the allegations set forth in paragraph "39" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "38" of this answer as if fully set forth herein.

40. Deny the allegations set forth in paragraph "40" of the complaint.

41. Deny the allegations set forth in paragraph "41" of the complaint.

42. In response to the allegations set forth in paragraph "42" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "41" of this answer as if fully set forth herein.

43. Deny the allegations set forth in paragraph "43" of the complaint.

44. Deny the allegations set forth in paragraph "44" of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

45. The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

46. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, or any act of Congress providing for the protection of civil rights.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

47. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or the culpable or negligent conduct of other parties for whom the City of New York is not responsible, and was not the proximate result of any act of the defendants.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

48. Plaintiff provoked any incident.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

49. Punitive damages cannot be recovered as against the City of New York.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

50. At all times relevant to the incident, defendant City of New York and its employees and officials acted reasonably and in the proper and lawful exercise of their discretion. As such, defendant City is entitled to governmental immunity.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

51. At all times relevant to the acts alleged in the complaint, defendant Kelly acted reasonably in the proper and lawful exercise of his discretion.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

52. This action may be barred, in whole or in part, by the applicable statute of limitations.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

53. Defendant Kelly has not violated any clearly established constitutional or statutory rights of which a reasonable person would have known, and therefore is protected by qualified immunity.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

54. Plaintiff failed to comply with the provisions of New York General Municipal Law § 50-e and § 50-i.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:

55. To the extent the complaint alleges claims against the City of New York under state law, such claims are barred by the doctrine of immunity from judgmental errors in the exercise of governmental functions.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE:

56. There was probable cause for plaintiff's arrest and prosecution.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE:

57. Defendant Kelly had no personal involvement in the alleged incident.

**WHEREFORE**, defendants City of New York and Police Commissioner Raymond Kelly request judgment dismissing the Complaint, as against them with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:   New York, New York
         December 4, 2007

        MICHAEL A. CARDOZO
        Corporation Counsel of the
        City of New York
        Attorney for Defendants City of New York and
        Police Commissioner Raymond Kelly
        100 Church Street
        New York, New York 10007
        (212) 788-1041

        By: _____
            Sarah B. Evans
            Assistant Corporation Counsel

To:   Andrew Stoll, Esq. (By Mail and ECF)
      Attorney for Plaintiff
      Stoll, Glickman & Bellina, LLP
      71 Nevins Street
      Brooklyn, NY 11217

## **DECLARATION OF SERVICE BY FIRST-CLASS MAIL**

I, Brian Francolla, declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury, that on December 4, 2007, I served the annexed **ANSWER TO COMPLAINT ON BEHALF OF DEFENDANTS CITY OF NEW YORK AND NEW YORK CITY POLICE COMMISSIONER RAYMOND KELLY** upon the following attorney for plaintiff by depositing a copy of the same, enclosed in a first-class postpaid properly addressed wrapper, in a post office official depository under the exclusive care and custody of the United States Postal Service, within the State of New York, directed to said attorney for the plaintiffs at the address set forth below, being the address designated by said attorney for plaintiffs for that purpose:

Andrew Stoll, Esq.
Attorney for Plaintiff
Stoll, Glickman & Bellina, LLP
71 Nevins Street
Brooklyn, NY 11217


Dated: New York, New York
       December 4, 2007

Brian Francolla
Assistant Corporation Counsel

Docket No. 07 CV 8458 (PAC) (GWG)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VADIM ISHAYEV,

                          Plaintiff,

-against-

THE CITY OF NEW YORK, POLICE COMMISSIONER RAYMOND KELLY, COMMANDING OFFICER DEPUTY INSPECTOR ROBERT JOHNSEN, EDUARDO SAILLANT, JOHN DOE OFFICERS # 1-4,

                          Defendants.

## ANSWER TO COMPLAINT

***MICHAEL A. CARDOZO***
*Corporation Counsel of the City of New York*
*Attorney for Defendants City of New York and*
*Police Commissioner Raymond Kelly*
*100 Church Street*
*New York, N.Y.  10007*

*Of Counsel: Sarah Evans*
*Tel: (212) 788-1041*

*Due and timely service is hereby admitted.*

*New York, N.Y.  ........................................,2007*

*........................................................ Esq.*

*Attorney for ......................................................*